# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Cause No. 1:10-cr-91-WTL-KPF-1 |
| ANTHONY BAILEY, ) | |
| Defendant. ) | |

## ENTRY ON FAIR SENTENCING ACT OF 2010

In February 2011, the Defendant filed a Memorandum Regarding Application of the Fair Sentencing Act of 2010 (Docket No. 46). Having reviewed the Defendant's memorandum, as well as the Seventh Circuit's case law, the Court concludes that the Fair Sentencing Act of 2010 (the "FSA") does not apply to the Defendant's case.

The Defendant, Anthony Bailey, was arrested in May 2010. Bailey was indicted in June 2010 and charged with six counts of knowing distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). The indictment alleged that all of Bailey's illegal conduct occurred in April 2010. In October 2010, Bailey filed a Petition to Enter a Plea of Guilty (Docket No. 39). As a result of his prior drug offenses, Bailey now faces a mandatory life sentence on Count 1 of the indictment. Thus, in February 2011, the Defendant submitted a memorandum arguing that the FSA (and its lower mandatory minimum sentences) should be applied in this case.

Unfortunately, in March 2011, the Seventh Circuit issued its decision in *United States v. Fisher*, Nos. 10-2352 & 10-3124, 2011 WL 832942 (7th Cir. Mar. 11, 2011). *Fisher* resolved the related appeals of Anthony Fisher and Edward Dorsey. Particularly relevant to Bailey's case

is the court's disposition of Dorsey's appeal, which "present[ed] a slight wrinkle because he was sentenced after the FSA went into effect." *Id*. at *2. The court explained that Dorsey committed the charged offense in August 2008 and plead guilty in June 2010, before the FSA took effect. The Seventh Circuit concluded that "if Congress wanted the FSA or the guideline amendments to apply to not-yet-sentenced defendants convicted on pre-FSA conduct, it would have at least dropped a hint to that effect . . . . In other words, if Congress wanted retroactive application of the FSA, it would have said so." *Id*. at *3. Thus, the court reaffirmed its "finding that the FSA does not apply retroactively." *Id*. It further concluded "that the relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing." *Id*.; *see also United States v. Brazell*, No. 10-3360, 2011 WL 1196323 (7th Cir. Mar. 30, 2011).

*Fisher* and *Brazell* doom Bailey's argument. It is undisputed that the charged conduct occurred in April 2010, four moths before the effective date (August 3, 2010) of the FSA. Accordingly, because the FSA does not apply retroactively, Bailey cannot benefit from its reduced mandatory minimum sentences.

SO ORDERED: 04/12/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Jessie A. Cook
Law Office of Jessie A. Cook
jacook@iquest.net

Barry D. Glickman
United States Attorney's Office

barry.glickman@usdoj.gov

U.S. Marshals Service

U.S. Probation Office