UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-cr-0091-JPH-MG |
| | ) | |
| ANTHONY BAILEY, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

AMENDED
Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable James P. Hanlon, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on November 12, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 3, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 3, 2022, defendant Anthony Bailey appeared in person with his appointed counsel, William Dazey. The government appeared by Jayson McGrath, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Brian Bowers, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Bailey of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Bailey questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Bailey and his counsel, who informed the court they had reviewed the Petition and that Mr. Bailey understood the violations alleged. Mr. Bailey waived further reading of the Petition.

3. The court advised Mr. Bailey of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Bailey was advised of the rights he would have at a preliminary hearing. Mr. Bailey stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Bailey of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Bailey, by counsel, stipulated that he committed Violation Number 2 set forth in the Petition as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| **2** | **"You must refrain from any unlawful use of a controlled substance."** |
| | As noted above, on November 11, 2021, Mr. Bailey was found in possession of marijuana. |

6. The court placed Mr. Bailey under oath and directly inquired of Mr. Bailey

whether he admitted Violation Number 2 of his supervised release set forth above.  Mr. Bailey admitted the violations as set forth above.

7. The government orally moved to withdraw the remaining violation, which motion was granted by the Court.

8. The parties and the USPO further stipulated:

    (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Bailey's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of Mr. Bailey's supervised release, therefore, is 12 - 18 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of twelve (12) months and one (1) day with no supervised release to follow.  Defendant requested placement at a facility closest to Indianapolis, Indiana excluding FCC Terre Haute.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ANTHONY BAILEY, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) days with no supervised release to follow.  This Magistrate Judge will make a recommendation of placement at a facility closest to Indianapolis, Indiana excluding FCC Terre Haute.

Counsel for the parties and Mr. Bailey stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Bailey entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Bailey's supervised release, imposing a sentence of twelve (12) months and one (1) day with no supervised release to follow. This Magistrate Judge makes a recommendation of place at a facility closest to Indianapolis, Indiana excluding FCC Terre Haute. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The previous Report and Recommendation at Docket 126 is withdrawn.

IT IS SO RECOMMENDED.

Date: 1/27/2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system